Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 4898 | **DATE** | 6/16/2003 |
| **CASE TITLE** | Luciano Franzoni vs. Hartmarx Corporation, et al | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  ENTER MEMORANDUM OPINION AND ORDER: Defendants' Bill of Costs is GRANTED IN PART AND DENIED IN PART in the total amount of $2,212.44.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | number of notices | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | JUN 17, 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 67 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT | | |
| WAP | courtroom deputy's initials | 03 JUN 17 AM 8:13 | date mailed notice | |
| | | Date/time received in Central Clerk's Office | mailing deputy initials | |

FILED
JUN 1 6 2003
JUDGE HARRY D. LEINENWEBER
U.S. DISTRICT COURT JUDGE

DOCKETED
JUN 17 2003

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LUCIANO FRANZONI,

    Plaintiff,

v.

HARTMARX CORPORATION, M. WILE
& CO., INC. and HART SCHAFFNER
& MARX,

    Defendants.

Case No. 99 C 4898

Hon. Harry D. Leinenweber

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' bill of costs requesting the sum of $3,041.02. Federal Rule of Civil Procedure 54(d)(1) ("Rule 54(d)(1)") provides that "costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs." FED. R. CIV. P. 54(d)(1); see also LOCAL R. 54.1. Plaintiff Luciano Franzoni, directing the Court's attention to *Oglesby v. Coca-Cola Bottling Co.*, 640 F.Supp. 32 (N.D. Ill. 1985), objects to Defendants' bill of costs, arguing that an award of costs to a prevailing party is not mandatory under Rule 54(d)(1). Plaintiff further claims that although the Court has entered judgment in favor of Defendants, the Court "did find sufficient evidence of age discrimination but lack of an appropriate remedy" (Pl.'s Objection to Def.'s Bill of Costs at 2), and that these circumstances mean that the Defendants are not "prevailing parties."

It is true that awarding costs to a prevailing party is not mandatory; indeed, courts are vested with discretion to determine whether and to what extent a prevailing party may be awarded its costs. *Barber v. Ruth*, 7 F.3d 636, 644 (7th Cir. 1993). However, courts have consistently interpreted Rule 54(d) as providing a strong presumption that the prevailing party will recover costs. *See, e.g., Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 945 (7th Cir. 1997); *Finchum v. Ford Motor Co.*, 57 F.3d 526, 533 (7th Cir. 1993); *M.T. Bonk Co. v. Milton Bradley Co.*, 945 F.2d 1404, 1409 (7th Cir. 1991). This presumption is difficult to overcome, and the Court's discretion is narrowly confined: it must award costs unless it is confronted with good reasons for denying them. *Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co.*, 854 F.2d 219, 222 (7th Cir. 1988); *see also Weeks*, 126 F.3d at 945 ("Generally, only misconduct by the prevailing party worthy of a penalty or the losing party's inability to pay will suffice to justify denying costs."); *Hudson v. Nabisco Brands, Inc.*, 758 F.2d 1237, 1242 (7th Cir. 1985), *overruled on other grounds, Provident Bank v. Manor Steel Corp.*, 882 F.2d 258 (7th Cir. 1989)(to overcome presumption of prevailing party's entitlement to costs, losing party must show some fault, misconduct, default, or action worthy of penalty by prevailing party).

*Oglesby*, cited by Plaintiff, presented the court with "special circumstances": although the employer "ultimately won the war,

". . . [the employee] won two of the major legal battles. . . . Much of the discovery (all but a few dollars of the claimed costs are deposition expenses) related to the issues on which [the employer] lost, as well as being generated by [the employer's] partial intransigence in the discovery process." *Oglesby*, 640 F.Supp at 33. In ultimately disposing of the case, the "Court had to devote as much space [in its opinion] to the rejection of [the employer-defendant's] unsound legal arguments . . . as it did to the ultimate rejection of [plaintiff-employee's] discrimination claims. . . ." *Id*. As a result, neither party was awarded costs.

The "special circumstances" leading to the result in *Oglesby* are simply not present in this case. Here, the Court granted summary judgment to the Defendants on Plaintiff's termination and transfer claims, and as a result dismissed the remaining elimination claim as moot, entering judgment in favor of Defendants on all claims. When a court grants summary judgment in a party's favor, it is the Rule 54(d) "prevailing party." *Weeks*, 126 F.3d at 944; *Hudson*, 758 F.2d at 1242. Defendants are thus the "prevailing parties," and are entitled to their costs.

28 U.S.C. § 1920 specifies the costs that may be recovered pursuant to Rule 54(d)(1). The costs explicitly allowed by § 1920 are: (1) fees of the clerk and marshal; (2) fees for court reporters and transcripts; (3) fees for printing and witnesses; (4) fees for copies of papers necessarily obtained for use in the case; (5) docket fees; and (6) compensation of court-appointed experts

and interpreters. 28 U.S.C. § 1920. A court may impose such costs upon the losing party if the expenses claimed are reasonable, both in amount and necessity to the litigation. *Deimer v. Cincinnati Sub-Zero Prods., Inc.*, 58 F.3d 341, 345 (7th Cir. 1995).

Defendants claim $2,614.10 for "fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case." The Judicial Conference rate in force at the time of filing allowed for $3.00 for each original regular-delivery transcript page ($.75 per page for the first copy thereafter), and $4.00 for each original expedited transcript page ($.75 per page for the first copy thereafter). *See* VI JUDICIAL CONFERENCE OF THE UNITED STATES, GUIDE TO JUDICIARY POLICIES AND PROCEDURES, COURT REPORTERS' MANUAL Ch. 20, pt. 20.3 (1998). Defendants' itemized bill lists 394 original regular-delivery transcript pages, 347 regular-delivery copies, 20 original expedited transcript pages, and 148 expedited delivery copies. At the Judicial Conference Rate, this would total $1,636.25.

Costs associated with the delivery of transcripts are ordinary business expenses and are not chargeable. *See* COURT REPORTER MANUAL, ch. 20, pt. 20.9.4; *Alexander v. CIT Tech Fin. Servs.*, 222 F.Supp.2d 1087, 1090 (N.D. Ill. 2002). The Court thus will not charge Plaintiff with Defendants' cited transcript delivery costs. Neither will the Court charge plaintiff with the cited $540 for condensed computer-based transcripts, as these are generally not recoverable. *See McDonald v. Vill. of Winnetka*, No. 00 C 3199,

2003 WL 1989656, at *1 (N.D. Ill. Apr. 30, 2003); *Hardy v. Univ. of Ill., Chicago*, No. 00 C 7639, 2002 WL 2022602 (N.D. Ill. Sept. 3, 2002); *Ochana v. Flores*, 206 F.Supp.2d 941, 945 (N.D. Ill. 2002). Court reporters' fees, at reasonable rates, are recoverable. 28 U.S.C. §1920(2); *see Held v. Held*, 137 F.3d 998, 1002 (7th Cir. 1998). This applies to private stenographers' transcripts as well as to official court reporters' transcripts. *Cengr v. Fusibond Piping Sys., Inc.*, 135 F.3d 445, 456 (7th Cir. 1998); *Alexander*, 222 F.Supp.2d at 1091. The $32 per hour cited by Defendants is well within reasonable guidelines. *See Finchum*, 57 F.3d at 534; *McDonald*, 2003 WL 1989656, at *1; *McCollough v. O'Neill*, No. 01 C 6510, 2003 WL 737847, at *1 (N.D. Ill. Feb. 28, 2003). Therefore, for the eight hours billed by Defendants for court reporter fees, the Court will allow $256.00.

Defendants also claim $426.92 for fees and disbursements for printing. The language "for use in the case" found in 28 U.S.C. § 1920 refers to materials actually prepared for use in presenting evidence to the court. *Riley v. UOP, LLC*, No. 01 C 8484, 2003 WL 1946500, at *1 (N.D. Ill. Apr. 22, 2003). This means that "photocopying charges for discovery and the court's copies of documents can be awarded, but charges for copies made solely for attorney convenience cannot." *Id.; see also McDonald*, 2003 WL 1989656 at *3, *Sharp v. United Airlines*, 197 F.R.D. 361, 362 (N.D. Ill. 2000). The Court finds that each of the documents listed are reasonable and necessary to the case, but finds that the four

copies Defendants charged for each document are unreasonable. The Court will allow one copy for Defendants, one copy for Plaintiff, and one copy for the Court. *See Kulumani v. Blue Cross Blue Shield Ass'n*, 224 F.3d 681, 685 (7th Cir. 2000); *Staszak v. Kimberly-Clark Corp.*, No. 01 C 3631, 2002 WL 31557610, *2 (N.D. Ill. Nov. 18, 2002)("Two copies of a document filed with the court or provided to opposing counsel are reasonable, but further copies are not reasonable unless there is a special reason."). The printing costs will be reduced by one-fourth, to $320.19, the amount needed to print three total copies.

## CONCLUSION

For the foregoing reasons, Defendants' Bill of Costs is **GRANTED IN PART AND DENIED IN PART** in the total amount of $2,212.44.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Date: June 16, 2003